# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cr-00149-W

| | |
|---|---|
| TROPICAL NUT & FRUIT CO., | ) |
| Plaintiff, | ) |
| vs. | ) CONSENT PRELIMINARY INJUNCTION ORDER |
| CREATIVE SNACKS CO., LLC, and MARIUS ANDERSEN, | ) |
| Defendants. | ) |

THIS MATTER is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 3). Plaintiff Tropical Nut & Fruit Co. and Defendants Creative Snacks Co., LLC and Marius Andersen ("Defendants") appeared before the Court on March 30, 2010, for a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. At the hearing, the parties agreed to the entry of a preliminary injunction order with the terms stated herein; consequently, it is not necessary for the Court to adjudicate the Plaintiff's Motion or to make any findings of fact.

IT IS THEREFORE ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a Preliminary Injunction shall be immediately entered, as follows:

1. Subject to the other provisions in this Order, Defendants shall immediately cease using the following names as product names for Defendants' products: STUDENT FOOD, DIET DELIGHT, SUNBURST, SWEET TOOTH, and PISTACHIO BERRY BLEND.

2. Defendants shall not use as product names for Defendants' products the names on the list attached hereto as Exhibit A, in which names Plaintiff contends it has or

might have trademark rights.

3. Defendants shall immediately cease using the names STUDENT FOOD, DIET DELIGHT, SUNBURST, SWEET TOOTH, and PISTACHIO BERRY BLEND on any labels on products that are in Defendants' possession. Additionally, Defendants shall use their best efforts to ensure that new labels are applied as soon as practicable to all boxes of Defendants' products that have already been shipped to The Fresh Market or to The Fresh Market's distributor, Burris, which Defendants have represented are the only two entities of which they are aware who have boxes of Defendants' products. The new labels used by Defendants shall bear new names for Defendants' products, which new names are not any of those identified in Paragraphs 1 and 2 of this Order (hereinafter, the "New Labels"). Defendants' best efforts shall include:

(a) As soon as practicable but not later than Thursday, April 8, 2010, Defendants shall prepare and deliver New Labels to the management of The Fresh Market, and request that The Fresh Market use its best efforts to apply such New Labels to every box of Defendants' products currently at any of The Fresh Market stores. If The Fresh Market requires Defendants to send the labels directly to its stores, then Defendants shall be responsible for ascertaining the addresses for such stores and sending New Labels to those stores, not later than Thursday, April 8, 2010, or within two (2) days of being so notified by The Fresh Market;

(b) As soon as practicable but not later than Sunday, April 18, 2010, Defendant Marius Andersen shall personally visit the store rooms at each location of

> The Fresh Market between and including Greenville, South Carolina and Raleigh, North Carolina (which presently includes eleven (11) stores in the following areas: Greenville (1), Spartanburg (1), Charlotte (3), Greensboro (2), Raleigh (2), Cary (1), and Chapel Hill (1)), to confirm that those stores have applied Defendants' New Labels to Defendants' boxes of products, as set forth in Paragraph 3(a). If those stores have not applied Defendants' New Labels to Defendants' boxes of products, Defendant Andersen will ask the management of that store to immediately apply the labels or to let Defendant Andersen immediately apply the New Labels;

(c) Defendant Andersen shall immediately ask The Fresh Market and its distributor, Burris, to cooperate in applying New Labels to each box of Defendants' products currently held at the Burris warehouse in Atlanta. Defendant Andersen shall provide the New Labels to be applied. Subject to the cooperation of The Fresh Market and Burris in providing access to Defendants, no later than Friday, April 16, 2010, Defendant Andersen or someone acting on behalf of Defendants shall apply the New Labels to each box of Defendants' products currently held at the Burris warehouse in Atlanta.

4. Defendants make no admissions as to the allegations in Plaintiff's Complaint, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, or in Plaintiff's filings in support of its motion. Defendants specifically dispute those allegations and the contentions of Plaintiff and its counsel made in court on March 30, 2010. Defendants dispute that Plaintiff has trademark rights in all five of

the trademarks alleged in the Complaint or in all of the names listed in Exhibit A to this Order but, nonetheless, agrees to not use such alleged or claimed marks. The Court makes no findings of fact with respect to any issue in this lawsuit.

5. This Order shall remain in effect until a final disposition of this case, until the Court revises the Order, or until the parties agree otherwise.

IT IS SO ORDERED.

Signed: April 2, 2010

Frank D. Whitney
United States District Judge