**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-CV-149-FDW-DCK**

| | |
|---|---|
| TROPICAL NUT & FRUIT CO., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CREATIVE SNACKS CO., LLC | ) |
| and | ) |
| MARIUS ANDERSEN, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AGREED PROTECTIVE ORDER

Upon the stipulation of the parties to this action, it is hereby ORDERED that:

1. Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only" or the equivalent wording. A document should be designated "Confidential" when it contains confidential information that may be reviewed by certain named persons of the receiving party but must be protected against disclosure to third parties.

2. A document should be designated "Attorneys' Eyes Only" when it contains trade secrets, such as but not limited to information relating to manufacturing methods, product development plans, or confidential business information such as marketing plans, customer lists, pricing plans or information, balance sheets, financials, supplier identities, or other information which the producing party believes would put it at a competitive disadvantage or would involve information of a highly personal and sensitive nature.

3. Information designated "Confidential" or "Attorneys' Eyes Only" may be used only in connection with this litigation, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

4. Any party or non-party wishing to come within the provisions of this Order may designate in writing, the documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), or portions thereof, which it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Attorneys' Eyes Only" by the producing party. If electronic documents are produced on electronic storage media, such as discs or drives, the producing party may mark the storage media itself (rather than each page of the electronic documents contained therein) as "Confidential" or "Attorneys' Eyes Only." In the instance of deposition testimony, the witness under deposition or his or her counsel may invoke the provisions of this Order during the deposition, and the parties shall be excluded only from reviewing testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel shall have the right, within thirty (30) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof. During the thirty (30) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Documents inadvertently produced without the confidential designation may be substituted by notifying the receiving party in writing and appropriately designating the documents, provided that it will not be considered to be a violation of the Order if the prior undesignated documents have, prior to the substitution, been disclosed to others. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the

designation. The inadvertent failure will not be deemed to waive a later claim as to the confidential designation of the documents.

5. If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

6. Any documents stamped "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b) Judges, law clerks and other clerical personnel of the Court before which this action is pending;

(c) Independent experts; and

(d) Officers, directors, or employees of the parties solely for the purpose of and to the extent necessary for prosecuting, defending and/or appealing this litigation.

7. Documents stamped "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b) Judges, law clerks and other clerical personnel of the Court before which this action is pending, provided that submission of such documents to the Court shall comply with this Order; and

(c) Independent experts not associated directly or indirectly with a party whom the receiving party identifies to the producing party at least five (5) days prior to disclosure to the expert. If the producing party has any objection to the disclosure of "Attorneys' Eyes Only" information to the proposed independent expert, it shall so notify the receiving party within the five (5) day period. The parties will attempt to resolve any differences concerning such disclosure, but if they are unable to do so, the receiving party may seek relief from the Court as provided in Paragraph 12 below. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

8. Each person who shall have access to designated confidential information under the terms of this Order (excluding outside counsel and their staff) shall, prior to being given such access, be provided with a copy of this Order and shall sign an Acknowledgment in the form of Exhibit A hereto indicating that he or she is familiar with the provisions of this Order and will abide by them. Unless otherwise provided, such Acknowledgement shall be kept by counsel for reference should such be necessary.

9. Should any party to this litigation obtain documents from a third party, by subpoena or otherwise, such documents shall be treated by the receiving party as "Attorneys'

Eyes Only" under this Order for at least thirty (30) days after all parties receive the documents. Any party shall have the right, within thirty (30) days of receiving documents produced by a third party, to designate or change the level of restriction of the documents, in writing, to maintain "Attorneys' Eyes Only," become "Confidential," or not have any designation.

10. In addition to the requirements for filing under seal set forth in Paragraph 1.h. of the Court's Case Management Order, dated July 23, 2010, any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys' Eyes Only" information will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:

**FILED UNDER SEAL**

> This envelope contains information designated Confidential and/or Attorneys' Eyes Only pursuant to a PROTECTIVE ORDER entered by the Court and it contents may not be examined or copied except in compliance with that order.

11. If at any time any party believes that any other party or non-party has unreasonably designated certain information as "Confidential" or "Attorneys' Eyes Only," or that the so-designated documents or information is excepted by Paragraphs 1 or 2, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate application to this Court requesting that the specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. No disclosure of such information shall be made until ruled upon by the Court.

12. This Order may only be modified by further order of this Court.

13. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all "Confidential" and "Attorneys' Eyes Only" designated materials, including copies, to the person and entity from whom the material was obtained, or shall certify that the documents have been destroyed. However, the attorney of record may retain one (1) copy of any designated documents for archival purposes solely for the purpose of addressing or defending any alleged violation of this Order.

14. This Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Signed: August 25, 2010

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT

I have been asked by Plaintiff / Defendants (circle one) to receive and review certain materials or testimony that have been designated as ATTORNEYS' EYES ONLY and/or CONFIDENTIAL within the terms of the Stipulated Protective Order entered in the action captioned *Tropical Nut & Fruit Co. v. Creative Snacks Co., LLC and Marius Andersen*, Civil Action No. 3:10-CV-149, pending in the Western District of North Carolina.

1. I have read the aforementioned Agreed Protective Order, and agree to be bound by it.

2. I hereby agree to submit to the exclusive jurisdiction and venue of this Court for enforcement of the undertakings I have made.

3. I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed on (Date): _____

_____
NAME

**APPROVED AND AGREED TO:**

| | |
|---|---|
| s/ J. Mark Wilson | s/ J. Douglas Grimes |
| J. Mark Wilson | J. Douglas Grimes |
| N.C. State Bar No. 25763 | N.C. State Bar No. 32699 |
| Alton L. Gwaltney, III | Mel J. Garofalo |
| N.C. State Bar No. 32394 | NC State Bar No. 8279 |
| Kathryn G. Cole | Hedrick Gardner Kincheloe & Garofalo LLP |
| N.C. State Bar No. 39106 | P.O. Box 30397 |
| Moore & Van Allen PLLC | Charlotte, NC 28230 |
| Suite 4700 | 704 319 5436 |
| 100 North Tryon Street | 704 602 8070 fax |
| Charlotte, NC 28202-4003 | dgrimes@hedrickgardner.com |
| 704 331 1000 | |
| 704 339 5981 fax | **ATTORNEYS FOR DEFENDANTS** |
| markwilson@mvalaw.com | **CREATIVE SNACKS CO., LLC AND MARIUS ANDERSEN** |
| | |
| **ATTORNEYS FOR PLAINTIFF** | |
| **TROPICAL NUT & FRUIT CO.** | |