# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-149-FDW-DCK

| | |
|---|---|
| **TROPICAL NUT & FRUIT CO.,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| **CREATIVE SNACKS CO., LLC**<br>and **MARCUS ANDERSEN,** | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the parties' dispute over discovery. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. At the parties' request, and consistent with Judge Whitney's standing order, the undersigned held a telephone conference today in an attempt to help the parties resolve areas of disagreement regarding certain discovery issues. The purpose of this Order is to briefly set forth the Court's oral direction to the parties conveyed during the telephone conference.

The first issue presented to the Court for resolution related to a possible modification of the "Agreed Protective Order" (Document No. 27) filed by the Court on August 25, 2010. Simply put, the Defendants seek a modification to the order allowing the use of confidential documents in upcoming third-party depositions. Taking into account all of the circumstances, and considering the differing proposed modifications offered by the parties, the Court will accept Plaintiff's recommendation.

Paragraph 6 of the "Agreed Protective Order" will be modified to add the following to the

list of individuals to whom confidential documents may be shown:

> Third-party witnesses or deponents during and in preparation for their testimony, provided that such confidential information originated from or was sent to the witness and/or their current or former employer, as shown on the face of the document. Notwithstanding the foregoing, the witness may not be shown any portion of a document designated "Confidential" if such portion did not originate from or was not sent to the witness and/or their current or former employer.

The second issue presented to the Court for resolution related to whether the Plaintiff had complied with Fed.R.Civ.P. 33(d) in its recent production of discovery documents. The Defendants assert that the more than 70,000 pages of discovery documents produced by the Plaintiff are neither indexed nor labeled. Defendants also assert that some or all of the documents were produced by the Plaintiff pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, which provides as follows:

> **(d) Option to Produce Business Records**. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

In this instance, the undersigned is not persuaded that Plaintiff has provided sufficient detail to enable Defendants to locate and identify the information that is responsive to their interrogatories. This Court has recently noted that

> The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the

documents will actually reveal answers to the interrogatories. 8B Wright, *supra*, § 2178, at 330. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. Oleson v. Kmart Corp., 175 F.R.D. 560, 564 (D.Kan. 1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. 8B Wright, *supra*, § 2178, at 336. Document dumps or vague references to documents do not suffice. Capuchin v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486 (W.D.N.C.1998) (220 boxes); In re Bilzerian, 190 B.R. 964 (Bankr.M.D.Fla. 1995) (28 boxes). Depending on the number of documents and the number of interrogatories, indices may be required. O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 278 (C.D.Cal. 1999).

National Fire Insurance Company of Hartford v. Jose Trucking Corp., 264 F.R.D. 233, 239-240 (W.D.N.C. 2010)(quoting United States Securities & Exchange Commission v. Elfindepan, S.A., 206 F.R.D. 574, 576-77 (M.D.N.C. 2002).

Plaintiff shall, as soon as practicable, supplement its production such that Defendants' counsel is adequately enabled to locate and identify the information that is responsive to its interrogatories within the documents produced by Plaintiff.

**SO ORDERED**.

Signed: November 3, 2010

David C. Keesler
United States Magistrate Judge